**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STIEN BAWENGAN, | No. 08-72337 |
| Petitioner, | Agency No. A095-309-834 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Stien Bawengan, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision ("IJ") denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and de novo legal questions. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Bawengan filed her asylum application within a reasonable period of time given any changed circumstances. *See* 8 C.F.R. § 1208(a)(4); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1178-81 (9th Cir. 2008). Accordingly, we deny the petition as to her asylum claim.

Bawengan's due process contention that the IJ was prejudiced fails, because the record shows the proceedings were not "so fundamentally unfair that [Bawengan] was prevented from reasonably presenting her case." *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal citation and quotation omitted).

Substantial evidence supports that agency's denial of Bawengan's CAT claim because Bawengan failed to show it is more likely than not that she will be tortured if returned to Indonesia. *See Wakkary,* 558 F.3d at 1067-68. Accordingly, we deny the petition as to Bawengan's CAT claim.

Substantial evidence also supports the agency's finding that Bawengan's mistreatment by Muslims did not rise to the level of persecution. *See id.* at 1059-1060. However, in finding Bawengan did not face a clear probability of

persecution, the agency did not apply the disfavored group analysis to Bawengan's claim. Because the agency did not have the benefit of our intervening decisions in *Wakkary* and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), we remand for the BIA to assess Bawengan's withholding of removal claim under the disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**